FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC 14 PM 4: 18

Charles W. Coe
Law Office of Charles W. Coe
805 W 3rd Avenue, Suite #100
Anchorage, Alaska 99501
907-276-6173

Attorney for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, AN ILLINOIS CORPORATION,<br><br>v.          Plaintiff,<br><br>ZANE S. DOMAIKA,<br><br>          Defendant. | ) <br>) Case No. A-05-051 CV (RRB)<br>) **REPLY TO OPPOSITION TO**<br>) **MOTION TO EXTEND TIME**<br>) **TO OPPOSE THE PLAINTIFF'S**<br>) **MOTION FOR SUMMARY JUDGMENT**<br>)<br>)<br>)<br>)<br>) |

**Introduction**

  The defendant, in good faith, filed a motion to extend time to oppose the plaintiff's motion for summary judgment. The primary basis for this request was the fact that we have no discovery in this matter. Also, at the time the motion for extension was filed, defendant had no disclosures from the plaintiff. Additionally, due to counsel's trial schedule and his contract assistant's schedule, defendant could not respond within the limited time frame for an opposition under Civil Rule 56. The request being made is reasonable and in good faith especially in light of the fact

that no discovery has taken place in this matter. As of this date we still do not have the agent or underwriter's file, which is needed for review before we can respond or set up depositions to address the plaintiff's motion.

**Procedural History**

Mr. Domaika was sued in Palmer superior Court in March 2004 for an accident which occurred on December 5, 2003. Essentially, he is being sued because his horse escaped from his residence in Palmer through two fenced areas and was walking on the Glenn Highway when it was struck by Randall Cox. Mr. Domaika notified State Farm, his property insurance carrier about the accident on December 10, 2003.

State Farm initially declined to cover the accident stating that Mr. Domaika changed residences in August of 2003 and that the new residence in Palmer was not covered, even though his premiums for his prior residence in Wasilla were paid. Although there was an initial refusal to cover this matter State Farm was requested to defend Mr. Domaika after suit was filed. They agreed to pay for Chi counsel under a reservation of rights. They refused to designate counsel of their own selection and Mr. Domaika hired Charles W. Coe to assist him in defending against Mr. Cox.

The original Palmer trial was to be held in April 2005. A settlement conference took place, however, the State of Alaska, which holds a Medicaid lien of over $20,000 did not participate. The plaintiff moved to have the State joined as a named plaintiff and the trial court required that the State answer and participate. A new trial is set for July 2006. Recently, Mr. Domaika has reached a settlement with the State which will essentially assign him their full Medicaid lien. Mr. Cox's damages will be limited to a few weeks of wages, possible unspecified future

CHARLES W. COE
ATTORNEY AT LAW
805 W. 3RD AVENUE, SUITE 100
ANCHORAGE, ALASKA 99501
(907) 276-6173

medicals, and non-economic losses. Mr. Domaika will be trying to resolve this claim with him, if possible, or try it in July.

This suit was filed by State Farm on March 8, 2005. Counsel requested that it not be pursued until after the trial to see what, if any, judgment would be entered against Mr. Domaika. At any time, if State Farm chose to terminate Chi counsel, it was within their power to do so. Likewise, at any time, if they wished to hire their own counsel to represent Mr. Domaika, they could do so. State Farm chose to proceed with this action and served Mr. Domaika. He, through counsel, filed an appropriate Civil Rule 12(b)(6) motion regarding jurisdiction which this court has denied. While this motion was pending, Mr. Domaika provided all documents from the Palmer case, including counsel's bills. No discovery or disclosures took place between the parties as to this case prior to the motion for an extension. The disclosures provided by State Farm on December 12, 2005, do not contain the agent's file or the underwriting file. Counsel maintains this information is clearly needed to address State Farm's motion and defend this action.

**Nature of the Dispute**

State Farm claims that Mr. Domaika exchanged residences without notifying them. Mr. Domaika maintains that his insurance was fully paid at the time of this accident and that under the property liability section of the policy, he should be covered. State Farm is not claiming that this is an uncovered event under the terms of their policy. They claim that since Mr. Domaika's Palmer property was not listed on their policy or that they were not notified of the exchange of properties, his policy is unenforceable regardless of the fact that they accepted premiums from Mr. Domaika for this policy.

3

Mr. Domaika argues that the personal liability section of the policy covers him regardless of what property is listed under the policy. Under this section of the policy he would be covered for his horse, if it wandered from the Wasilla property or the Palmer property. This portion of the coverage protects him for an off property occurrence like this. Second, he argues that there is no difference in premiums or exposure to the carrier between the Wasilla property and the Palmer property as well as no reason that State Farm would have not insured the Palmer property. Third, he thought and assumed that the lender and/or State Farm agent allowed the shift in the property coverage to take place from the Wasilla to the Palmer property. Fourth, he assumed that this was a valid exchange/replacement of properties which would not effect his being covered. Finally, since the Palmer property was covered with insurance and the Wasilla property was covered there would be no lapse or problem with coverage.

**Discovery/Depositions/Civil Rule 56(f)**

Mr. Domaika needs the agent's file, the underwriter's file, information regarding premium differential between the properties (if any), the amount of premiums allowed for the liability portion of the policy, the lender's files, and notes between the adjuster and the agent/underwriter.

Since the federal court imposes a higher threshold of proof on non-moving parties than required under Alaska case law, Mr. Domaika needs additional time to obtain discovery and depositions to support his opposition. Under Alaska law minimal evidence is necessary to overcome summary judgment. In *Meyer v. State Department of Revenue, Child Support Enforcement Division ex rel. NGT.*, 994 P.2d 365 (Alaska 1999) the court held that a putative father's sworn denial of paternity was enough to prevent summary judgment, even in the face of strong scientific DNA

4

evidence showing paternity, because "*any* evidence sufficient to raise a genuine issue of material fact preclude a summary finding of paternity." In *Alakayak v. British Columbia Packers, Ltd.,* 48 P.3d 432 (Alaska 2002), the court re-emphasized the minimal effort needed to overcome summary judgment, indicating that a "genuine issue" of material fact [exists] as long as the non-moving party has presented *some* evidence in support of its legal theory. See *id.* at 12. This low threshold was again reaffirmed in *John's Heating Service v. Lamb,* 46 P.3d 1024 (Alaska 2002). Federal case law forces non-moving parties to submit more proof and meet higher thresholds of proof.

Federal Civil Rule 56(f) clearly allows extensions to obtain this information. The defendant's motion for an extension is consistent with this rule and reasonable. The fact that the initial disclosures do not contain any materials from the agent or the underwriter further warrants an extension in this case of 60 days or more. This is a coverage dispute and it is unknown why the plaintiff does not have their agent/underwriter's materials readily available in this case to provide to the defendant.

**Conclusion**

This is not a simple dispute of Mr. Domaika exchanging properties without changing his policy. Mr. Domaika seeks to establish coverage since he had property insurance with State Farm that was paid for at the time this accident occurred. This

coverage should protect him in this matter and he maintains that he has a good faith basis to defend against State Farm's attempt to deny him coverage. Therefore his extension request is reasonable.

DATED this 14th day of December, 2005.

CHARLES W. COE
Attorney for Defendant

*/s/ Charles W. Coe*

Charles W. Coe
ABA#7804002

I HEREBY CERTIFY that on
December 14, 2005 I served a
copy of the foregoing by
Hand Delivery upon:

Rod R. Sisson
Sisson Law Group
445 W 9th Avenue
Anchorage, Alaska 99501

*/s/ C. W. Coe*

CHARLES W. COE
ATTORNEY AT LAW
805 W. 3RD AVENUE, SUITE 100
ANCHORAGE, ALASKA 99501
(907) 276-6173

6